IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BCD FARMS, INC., | ) | |
| | ) | 8:05CV25 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CERTIFIED ANGUS BEEF, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

   This matter is before the court on the plaintiff's Motion to Amend and Add Parties (Filing No. 59). The plaintiff attached to the motion an unsigned copy of the proposed second amended complaint, in compliance with NECivR 15.1(a). **See** Filing No. 59, Exhibit A. The plaintiff now seeks to add a claim for negligent misrepresentation against the defendant. The plaintiff also seeks to add a party, Angus Productions, Inc. (Angus). The plaintiff seeks leave to allege claims for negligent misrepresentation and fraudulent misrepresentation against Angus. The plaintiff filed a brief (Filing No. 60) and a reply brief (Filing No. 65) in support of the motion. Certified Angus Beef, LLC (CAB), filed a brief (Filing No. 61) in opposition to the motion. CAB opposes the plaintiff's motion, arguing the motion is untimely, the plaintiff has a dilatory motive and the claims are prejudicial or futile.

## BACKGROUND

   The plaintiff filed the instant action on December 23, 2004, in the District Court of Rock County, Nebraska. **See** Filing No. 1, Exhibit 1. In the complaint, the plaintiff alleged causes of action against CAB, Angus and Angus Journal for fraudulent misrepresentation. *Id.* Specifically, the plaintiff alleged CAB "made representations in the January 2001 Angus Journal as to the reputation and facilities of Sandhills Cattle Feeding, Inc.," and "the ability of [Sandhills] to meet the requirements of [CAB]." *Id.* The plaintiff alleged the representations were fraudulent because Sandhills was not complying with CAB[1] licensing

---

   [1] CAB was in the business of licensing feedlots and licensing retail establishments and restaurants who distributed CAB certified beef. **See** Filing No. 59 ¶ 8.

requirements. *Id.* The plaintiff alleges it relied on the misrepresentations when shipping cattle to Sandhills, causing the plaintiff some damage. *Id.* Further, the plaintiff alleged Angus and Angus Journal published the misrepresentations with knowledge or reckless disregard of the falsity. *Id.*

On January 20, 2005, the defendants removed the plaintiff's action to the United States District Court for the District of Nebraska. **See** Filing No. 1. The defendants filed a motion to dismiss, the resolution of which resulted in the plaintiff filing an amended complaint on August 26, 2005. **See** Filing No. 18 - Amended Complaint. The court determined the Amended Complaint failed to meet the requirements of Fed. R. Civ. P. 9(b) by averring the fraud claims with sufficient particularity with regard to the circumstances surrounding the allegations. **See** Filing No. 17. After the Amended Complaint was filed, the defendants filed a renewed motion to dismiss. **See** Filing No. 19. On September 6, 2006, the renewed motion to dismiss was granted with regard to Angus and Angus Journal, but denied with regard to CAB. **See** Filing No. 31. Specifically, the court determined the plaintiff's amended complaint provides the "who, what, when, where, and how" with respect to the circumstances of the fraud claim. *Id.* at 4-7. However, the court determined the plaintiff had failed to properly state the circumstances constituting the fraud claim with particularity against either Angus or Angus Journal. *Id.* at 7.

While the motions to dismiss were pending, discovery took place and various progression orders governed the proceedings. On March 9, 2005, the court scheduled the deadline of May 18, 2005, for the plaintiff to add parties or amend the pleadings. **See** Filing No. 12 ¶ 5. Although various other deadlines were extended throughout these proceedings, no party moved to extend the deadline to amend the pleadings or add parties. Currently, the trial is scheduled for January 21, 2008. **See** Filing No. 54. However, the deadline for general discovery expired on July 6, 2007, and the summary judgment deadline is August 31, 2007. **See** Filing Nos. 54, 57 and 64.

The plaintiff now seeks to amend the complaint to add a claim for negligent misrepresentation, to the fraudulent misrepresentation claim against CAB and to add claims for negligent and fraudulent misrepresentation against Angus. **See** Filing No. 59, Exhibit A. CAB and Angus are both subsidiaries of American Angus Association. *Id.* ¶ 10. The plaintiff does not seek to reassert claims against Angus Journal. The plaintiff states

2

it is now, after having concluded depositions during 2007, aware of information permitting claims against Angus and the negligent misrepresentation claim against CAB. The plaintiff admits the new claim against CAB is based on the same set of operative facts previously alleged. **See** Filing No. 60 p. 2. The plaintiff specifically makes the new allegation that CAB employees failed to exercise reasonable care in fact-checking statements made in the Sandhill article published in the January 2001 Angus Journal. Similarly, the plaintiff states that it was not until completed a series of 13 depositions that the plaintiff was able to assemble the factual allegation necessary to support the amended causes of action against Angus. **See** Filing No. 60 p. 4. The plaintiff states it now has evidence Angus had the same knowledge as CAB regarding the statements contained in the Sandhill article. *Id.* The plaintiff states additional delay in discovery of evidence and filing the instant motion was occasioned by the court's delay in resolving the defendants' motions to dismiss. The plaintiff admits it is barred by the statute of limitations from initiating a new lawsuit against Angus, but contends the claims relate-back to the amended complaint. *Id.* at p. 5. The plaintiff argues it has satisfied the elements required to relate the claims pursuant to Fed. R. Civ. P. 15(c)(3). Finally, the plaintiff contends neither CAB or Angus would be prejudiced because the claims are based on the same operative facts alleged earlier and because both parties are represented by the same counsel who have been involved in this matter since its outset. The plaintiff states any prejudice due to the delay in amending the complaint can be cured by allowing additional discovery.

CAB contends the plaintiff's motion is untimely as it was filed two years after the plaintiff's deadline without a showing of excusable neglect. Additionally, CAB argues the amendments are not based on newly discovered evidence justifying the delay. CAB argues it and Angus would be prejudiced by the amendments because the discovery deadline has expired and the summary judgment deadline is imminent. Finally, CAB contends the plaintiff should not be allowed to reassert claims against Angus, which are time barred and do not relate-back to the amended complaint.

## ANALYSIS

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires." "However, denial of leave to amend may be justified by

undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." **U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.**, 441 F.3d 552, 557 (8th Cir. 2006) (internal citation omitted). There is no absolute right to amend. **Doe v. Cassel**, 403 F.3d 986, 990 (8th Cir. 2005). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **Gamma-10 Plastics, Inc. v. Am. President Lines**, 32 F.3d 1244, 1255 (8th Cir. 1994).

### A.  Timeliness

The court recognizes the plaintiff's motion to amend is untimely pursuant to the progression order. "[W]here a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate 'good cause' under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." **Anderson v. Board of School Com'rs of Mobile County, Ala.**, 78 F. Supp. 2d 1266, 1268-69 (S.D. Ala. 1999) (**citing Sosa v. Airprint Sys., Inc.**, 133 F.3d 1417, 1418 (11th Cir. 1998). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." **In re Milk Prods. Antitrust Litig.**, 195 F.3d 430, 437-38 (8th Cir. 1999) (**quoting Sosa**, 133 F.3d at 1419). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" **Thorn v. Blue Cross and Blue Shield of Florida, Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." **Financial Holding Corp. v. Garnac Grain Co.**, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Similarly, under Rule 6(b): "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b) (emphasis added). "The determination as to what sort of neglect is considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's own omission.'" **In re Harlow Fay, Inc.**, 993 F.2d 1351, 1352 (8th Cir. 1993)

(**quoting** *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)); **see** *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (the misapplication or misreading of the plain language of [the federal rules] does not establish excusable neglect). The relevant circumstances include: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The plaintiff argues, that although the deadline to amend pleadings has expired, the timing of the amendments is justified because of the delay in the resolution of the motions to dismiss. Specifically, the plaintiff's deadline to amend pleadings was May 18, 2005, but the renewed motion to dismiss was not resolved until September 6, 2006. Additionally, the plaintiff contends the discovery of new deposition evidence "during 2007" finally provided the plaintiff with particular evidence supporting the claims, even though the claims are based upon the same general facts previously alleged.

CAB argues the plaintiff has the burden of showing excusable neglect due to the lateness of the motion. CAB also argues the plaintiff's negligent misrepresentation claim against CAB cannot possibly be based on new evidence when the plaintiff had already pled fraudulent misrepresentation. CAB contends the plaintiff is merely attempting to change its legal strategy. Further, CAB states the plaintiff would have had the relevant discovery, which included all written communications between CAB and Angus regarding Sandhills, by February 7, 2007, at the latest. CAB's prejudice arguments are discussed below.

The court finds the plaintiff was not justified in waiting to file the motion to amend. Accordingly, the plaintiff's delay will preclude the addition of the amendment.

**B.    Prejudice**

Generally, "[i]f no prejudice is found, the amendment will be allowed." *Id.*; **see also** *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1413 (S.D. Ind. 1996) (noting leave to amend would not be denied on the grounds the plaintiff "sought leave to amend the complaint to reflect theories of recovery more compatible with the facts"). "Indeed discovery often justifies a subsequent amendment to the complaint. Even though it is predicated upon a different theory, an amendment should be permitted in the absence of

5

the injection of any new issues requiring new and extensive preparation detrimental to the speedy resolution of the case and prejudicial to the defendant." ***Matarazzo v. Friendly Ice Cream Corp.***, 70 F.R.D. 556, 559 (E.D.N.Y. 1976) (citations omitted).  Courts may find "allowance of . . . additional claims will advance the cause of justice and 'facilitate a proper decision on the merits.'" ***Dudley v. Business Express, Inc.***, 882 F. Supp. 199, 212 (D. N.H. 1994) (**quoting** ***Foman v. Davis***, 371 U.S. 178, 182 (1962)).  The party opposing the amendment has the burden of demonstrating the amendment would be prejudicial.  **See** ***Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998).

CAB contends it is prejudiced by the plaintiff's delay due to passage of the discovery deadline and the imminent summary judgment deadline.  Specifically, CAB argues it would be unable to take necessary expert witness and other discovery on the new claim, causing prejudice to CAB's defense of the plaintiff's claim.  Alternatively, CAB contends the deadlines would have to be extended causing additional expense and delay associated with this matter.  The plaintiff asserts any prejudice caused by earlier delay can be cured by allowing additional discovery.

In reviewing the pleadings and proposed amended pleading, the court finds CAB carried it's burden of demonstrating the amendment would be prejudicial and the plaintiff's amendments would prejudice CAB as it claims.

C.     **Futility**

Leave to amend "may be denied if an amendment would be futile." ***Stricker v. Union Planters Bank, N.A.***, 436 F.3d 875, 878 (8th Cir. 2006).  However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." ***Gamma-10 Plastics***, 32 F.3d at (quotations and citations omitted).  Further, "likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" "or legally insufficient on its face." ***Becker v. Univ. of Neb.***, 191 F.3d 904, 908 (8th Cir. 1999); ***Sokolski v. Trans Union Corp.***, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted).  "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." ***Sokolski***, 178 F.R.D. at 396 (citations omitted).  The court is mindful of the liberal policy toward amendments and "the underlying  purpose of Rule 15--to facilitate decision on the merits

6

rather than on the pleadings or technicalities." ***Sharper Image Corp. v. Target Corp.***, 425 F. Supp. 2d 1056 (N.D. Cal. 2006) (internal citation omitted); **see** ***Monahan v. New York City Dep't of Corr.***, 214 F.3d 275, 283 (2d Cir. 2000). "[I]f the alleged futility is based on factual issues which are in dispute, leave to amend should not be denied." ***Santiago v. Steinhart***, 1993 WL 410402 *1, 2 (S.D.N.Y. 1993).

The plaintiff admits newly discovered evidence alone would not allow the proposed amendment to add Angus as a party. The plaintiff contends the amendments would have to be added pursuant to Fed. R. Civ. P. 15(c)(3), the relation back provisions. CAB argues the plaintiff's proposed amendments cannot relate back to the original or amended complaints for failure of the plaintiff to show mistaken identity.

> An amended pleading relates back to the date of the original petition "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". An amended pleading changing the defendant relates back if the preceding sentence is satisfied and the new defendant 1) has received notice of the suit so it will not be prejudiced in defending on the merits and 2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

***Plubell v. Merck & Co., Inc.***, 434 F.3d 1070, 1071-72 (8th Cir. 2006) (construing Missouri Rule 55.33(c) which is "is derived from [and uses identical language as] Rule 15(c) of the Federal Rules of Civil Procedure").

The plaintiff contends there was a mistake as to identity because CAB and Angus knew they were both subsidiaries under the same umbrella corporation at the time of the filing of the initial complaint, a fact which the plaintiff did not learn until later. Similarly, the plaintiff contends that this relationship was the basis for frequent communication between CAB and Angus leading to the potential liability alleged in the pleadings. However, the plaintiff was also unaware of such communications prior to the 2007 deposition discovery.

The lack of appropriate discovery linking CAB and Angus does not provide the plaintiff with the identity mistake necessary to apply Rule 15(c). The plaintiff here does not allege it filed suit against an improper party because of mistake, then later tried to correct that mistake. Instead the plaintiff seeks to add a defendant as it determined it had

7

arguably viable claims against the party.  However, "relation back does not apply where plaintiff is aware of potential defendant but unsure about its potential liability."  **Spicer v. New Image Int'l, Inc.**, 447 F. Supp. 2d 1226, 1233 (D. Kan. 2006) (**citing Manildra Milling Corp. v. Ogilvie Mills, Inc.**, 746 F. Supp. 40, 43 (D. Kan.1990)).  Furthermore, the mistake proviso of Rule 15(c) was included "in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'"  **Garrett v. Fleming**, 362 F.3d 692, 696-97 (10th Cir.2004) (**quoting** Advisory Committee Notes to Rule 15(c)(3)).  Even though Angus was orientally named as a party to this lawsuit and its attorneys have participated in the progression of the case by representation of another party, the plaintiff's proposed amendments related to Angus do not relate back to the amended complaint pursuant to Rule 15(c).  Accordingly, the plaintiff will not be allowed to amend the complaint to add Angus as a party.  Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Amend and Add Parties (Filing No. 59) is denied.

DATED this 14th day of August, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge